NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VASATURO BROTHERS, INC. d/b/a VESUVIO FOODS, | : | |
| Plaintiff, | : | Civil Action No. 09-02049 (SRC) |
| v. | : | OPINION |
| ALIMENTA TRADING-USA, LLC, ABC-XYZ CORPORATIONS and JOHN DOE 1-50, | : | |
| Defendants. | : | |

**CHESLER**, District Judge

This matter comes before the Court on two motions for summary judgment, pursuant to FED. R. CIV. P. 56: 1) the motion by Plaintiff Vasaturo Brothers, Inc. ("Plaintiff") [docket entry 58]; and 2) the motion by Defendant Alimenta Trading-USA, LLC ("Defendant") [docket entry 59]. The Court has opted to rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, Plaintiff's motion will be granted in part and denied in part, and Defendant's motion will be denied in its entirety.

**I.   BACKGROUND**

This action was initiated by Plaintiff after Defendant failed to deliver the full amount of Italian peeled tomatoes agreed upon by the parties in a contract (the "Agreement") they entered into on July 28, 2008. Pursuant to the Agreement, Plaintiff was to pay Defendant $380,000 on September 1, 2008, $370,000 on October 1, 2008, and $370,000 on November 1, 2008. In turn,

Defendant was to deliver 50 full container loads of Italian peeled tomatoes in the following installments: 10 full container loads within September 2008, 10 full container loads within October 2008, 10 full container loads within November 2008, 10 full container loads within December 2008, and 10 full container loads within January 2009.

Plaintiff paid Defendant $380,000 in September 2008 and $370,000 in October 2008. According to Plaintiff's Complaint, as of November 1, 2008, when its third payment to Defendant became due, only 5 of the 20 loads of tomatoes had been delivered.  As a result, Plaintiff refused to prepay the last installment of $370,000 on the November 1 deadline, since it had not received the "[containers of] tomatoes consistent with its previous payments of $750,000." (Pl.'s Summ. J. Mot. 3, Jan. 24, 2011.)  As such, on November 20, 2008, Mr. Vasaturo, as president of Vasaturo Brothers, Inc., emailed Defendant, explaining that Plaintiff had not received the balance of the containers.  Defendant responded that, while all the containers had not been delivered to Plaintiff, they would be arriving in the next few days.  By November 24, 2008, the 15 missing containers still had not been delivered, nor had any of the additional 10 containers that were to be delivered within the month.  As such, Mr. Vasaturo sent another email to Defendant, demanding adequate assurance that the shipments would be delivered.  According to Plaintiff, Defendant failed to respond to its inquiry.

On March 20, 2009, Plaintiff filed the instant action, asserting the following counts arising out of Defendant's nondelivery of the tomatoes: 1) breach of contract; 2) breach of express warranty; 3) breach of implied warranty; 4) breach of implied warranty for a particular purpose; 5) unjust enrichment; 6) breach of good faith and fair dealing; and 7) misrepresentation. Defendant filed an Answer maintaining five counterclaims, all relating to Plaintiff's nonpayment

of the third installment of $370,000: 1) breach of contract; 2) unjust enrichment; 3) breach of good faith and fair dealing; 4) quantum meruit; and 5) book account. Plaintiff has moved for summary judgment on the First Count of the Complaint for breach of contract and on Defendant's second and fourth counterclaims for unjust enrichment and quantum meruit.[1] Defendant has moved for summary judgment on its first counterclaim for breach of contract and on its third counterclaim for breach of the covenant of good faith and fair dealing.[2]

**II.   LEGAL ANALYSIS**

    **A.   Standard of Review**

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion

---

[1] Plaintiff argues that all five of Defendant's counterclaims should be dismissed based on N.J.S.A. 14A:13-11, which prohibits foreign corporations transacting business in New Jersey without a certificate of authority from maintaining an action in any court of the State. However, Defendant's single transaction of selling $1,120,000 worth of tomatoes to Plaintiff does not rise to the level of transacting business and Defendant, therefore, is entitled to assert counterclaims against Plaintiff. *See Empresas Lourdas, S.A. v. Kupperman*, No. 06-5014, 2007 U.S. Dist. LEXIS 70910 at *8 (D.N.J. Sept. 24, 2007) (engaging in a single subject transaction without a certificate of authority did not bar the corporation from maintaining a cause of action).

[2] The remaining claims asserted in the Complaint and counterclaims asserted in the Answer were not challenged by either party in their motions for summary judgment and the Court, therefore, makes no ruling on them.

for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Township*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at

trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

    **B.**    **Discussion**

        1.    <u>Breach of Contract</u>

Plaintiff contends that the parties entered into an installment contract which Defendant breached when it failed to deliver the entirety of two installments of tomatoes by November 1, 2008. Defendant counters that Plaintiff breached the contract when it failed to make the final payment of $370,000 on November 1, 2008, as required under the Agreement. The parties do not dispute the facts relating to this claim, they simply contend that they each prevail as a matter of law.

An installment contract is defined by N.J.S.A. 12A:2-612(1):

> An "installment contract" is one which requires or authorizes the delivery of goods in separate lots to be separately accepted, even though the contract contains a clause "each delivery is a separate contract" or its equivalent.

Because the Agreement contemplates delivery of tomatoes in five separate lots to be separately accepted on five different dates, it is an installment contract. *See, e.g., Cumberland County Improvement Auth. v. CSP Recycling Co., Inc.*, 818 A.2d 431, 434 (N.J. Super. Ct. App. Div. 2003) (holding an agreement to deliver a minimum of ten tons of old newsprint per month to be

an installment contract).  Breach of an installment contract occurs when "nonconformity . . . with respect to one or more installments substantially impairs the value of the whole contract." N.J.S.A. 12A:2-612(2).  What amounts to substantial impairment presents a question of fact. *Cassidy Podell Lynch, Inc. v. Snydergeneral Corp.* 944 F.2d 1141, 1148 (3d Cir. 1991) *citing Graulich Caterer Inc. v. Hans Holterbosch, Inc.*, 243 A.2d 253, 262 (N.J. Super. Ct. App. Div. 1968).  Analyzing this factual question, the New Jersey commentators counsel that the test as to whether the nonconformity in any given installment justifies cancelling the entire contract depends on whether the nonconformity substantially impairs the value of the whole contract, and not on whether it indicates an intent or likelihood that the future deliveries also will be defective. *Graulich*, 243 A.2d at 262.  The Uniform Commercial Code Official Comment states that "substantial impairment of the value of an installment can turn not only on the quality of the goods but also on such factors as time, quantity, assortment and the like.  It must be judged in terms of the normal or specifically known purposes of the contract." *Comment* to N.J.S.A. 12A:2-612, ¶ 4; *see also id.*

In the present matter, Defendant's failure to deliver the tomatoes goes to the essence of the contract, the entirety of which revolves around the purchase and delivery of canned tomatoes. Defendant had agreed to deliver 10 cases of tomatoes within September 2008 and 10 cases within October 2008.  Although Plaintiff had already prepaid $750,000, Defendant only delivered a mere 5 cases throughout those months.  In addition, when Plaintiff demanded assurance of delivery from Defendant on November 24, 2008, Plaintiff was supposed to have received an additional 10 cases of tomatoes which had still not been delivered with only six days remaining in the month.  Defendant refused to explain its reasons for non-delivery or to give Plaintiff

adequate assurances that the tomatoes would soon be delivered. *Cf.* N.J.S.A. 12A:2-609(1). As such, Defendant's nonconformity as to the timing and quantity of its delivery of the first two installments of the Agreement substantially impaired the entire contract, resulting in a contract breach by Defendant a matter of law.

Defendant counterclaims that Plaintiff breached the contract by refusing to make the last payment under the Agreement. However, a buyer's failure to pay for an installment does not necessarily constitute a substantial impairment of the contract. In *Gulf Chem. & Metallurgical Corp. v. Sylvan Chem. Corp.*, 314 A.2d 73, 74 (N.J. Super. Ct. App. Div. 1973), the court held that the buyer's failure to pay for the initial installment did not constitute substantial impairment of the contract, particularly where, as analogous to the case here, the "defendant stood ready, willing and able to pay for any installment provided it could be assured by plaintiff that the balance of the goods were to be shipped." Furthermore, N.J.S.A. 12A:2-609 states that:

> When reasonable grounds for insecurity arise with respect to the performance of either party the other may in writing demand adequate assurance of due performance and until he receives such assurance may if commercially reasonable suspend any performance for which he has not already received the agreed return.

Plaintiff in this case had reasonable grounds for insecurity with respect to Defendant's performance of the contract since it had already prepaid $750,000 and only received 5 out of the 20 cases that were supposed to be delivered within September and October. After demanding and failing to receive adequate assurance of performance by Defendant, Plaintiff was entitled to suspend its performance under the contract and withhold final payment until it received such assurance. As such, Plaintiff's failure to pay the third installment did not result in a contract breach and Defendant can not prevail on its first counterclaim as a matter of law.

       2.      <u>Unjust Enrichment/Quantum Meruit</u>

Defendant's claims for the quasi-contractual reliefs of unjust enrichment and quantum meruit are unavailable where, as here, there is a valid unrescinded contract governing the rights of the parties. *Van Ormen v. American Ins. Co.*, 680 F.2d 301, 310 (3d Cir. 1982). Recovery based on a quasi-contract theory is mutually exclusive of a recovery based on a contract theory. *See id.* The authority of an express contract will take precedent over a theory of unjust enrichment or quasi-contract liability concerning the identical subject matter since "[t]he parties are bound by their agreement, and there is no ground for implying a promise so long as a valid unrescinded contract governs the rights of the parties." *Suburban Transfer Serv., Inc. v. Beech Holdings, Inc.,* 716 F.2d 220, 226-27 (3d Cir. 1983). In sum, restitution for unjust enrichment or quantum meruit is an equitable remedy, available only when there is no adequate remedy at law. *Dovale v. Marketsource, Inc.*, No. 05-2872, 2006 U.S. Dist. LEXIS 57679 at *22 (D.N.J. Aug. 17, 2006). Because New Jersey courts regard the existence of a valid contract as a bar to recovery under the equitable theories of unjust enrichment and quantum meruit, Defendant's second and fourth counterclaims are mooted and Plaintiff's motion for summary judgment as to those claims will be denied.

       3.      <u>Good Faith and Fair Dealing</u>

Defendant moves for summary judgment on its sixth counterclaim, contending that Plaintiff's failure to pay the third installment under the Agreement amounted to a breach of the covenant of good faith and fair dealing. There is no dispute about any material fact here. The question before the Court is whether the facts support Defendant's counterclaim as a matter of law.

"A party to a contract breaches the covenant if it acts in bad faith or engages in some other form of inequitable conduct in the performance of a contractual obligation." *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 288 (3d Cir. 2000) ("every contract in New Jersey contains an implied covenant of good faith and fair dealing."). The covenant operates to ensure that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Sons of Thunder, Inc. v. Borden, Inc.* 690, A.2d 575, 587 (1997).

Defendant, however, points to no evidence of any malice or bad motive on the part of Plaintiff, a deficiency which is fatal to its claim. The Supreme Court of New Jersey has clearly held that bad motive is "essential" to a claim for breach of the implied covenant of good faith and fair dealing.

> [A]n allegation of bad faith or unfair dealing should not be permitted to be advanced in the abstract and absent improper motive. *Without bad motive or intention, discretionary decisions that happen to result in economic disadvantage to the other party are of no legal significance. Bad motive or intention is essential*, for, as stated by the United States Court of Appeals for the Seventh Circuit, "[c]ontract law does not require parties to behave altruistically toward each other; it does not proceed on the philosophy that I am my brother's keeper."

*Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 251 (2001) (citations omitted) (quotations in original) (emphasis added). Plaintiff did not withhold its final payment of $370,000 with bad intentions or motive. To the contrary, Plaintiff was able and willing to pay the final installment had Defendant provided it with adequate assurance of delivery; something which Defendant failed to do. Because Defendant can not establish an essential element of a good faith and fair

9

dealing violation, it can not prevail on this claim as a matter of law.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment will be granted in part and denied in part and Defendant's motion for summary judgment will be denied in its entirety. An appropriate form of Order will be filed.

s/Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

DATED: July 22, 2011